Burke, J.
Defendant has been convicted of murder in the first degree. Except for the issue as to the admissibility of a confession made by the defendant our affirmance of that conviction requires no discussion.
On February 3, 1957 the defendant telephoned one Bruno, a New York City policeman whom he had known for several years, and admitted to him that he had shot and killed the decedent, Palermo, after a fight. The next day at about 7:15 p.m., accompanied by his attorney, defendant surrendered on the street to an assistant district attorney of Bronx County and several police officers attached to the District Attorney’s office. He was taken into custody pursuant to a bench warrant issued upon an indictment earlier found by the Bronx County G-rand Jury. The bench warrant, as required by the Code of *260 Criminal Procedure (§ 301), commanded the arresting officers “ forthwith to arrest the [defendant] and bring bfm before [the] court * * * to answer the indictment; or if the court have adjourned for the term * * * [to] deliver him into the custody of the warden of the city prison of the city of New York ”. After his surrender defendant’s counsel left and defendant was taken upstairs to the office of the assistant district attorney. When questioned he stated that he had been counseled to divulge his name but nothing more. He remained there until about midnight revealing nothing other than his name. While at the assistant district attorney’s office he was fed by the police. Shortly after midnight defendant was removed to the 46th Squad police headquarters for booking and fingerprinting. At about 3:30 a.m., after speaking to his patrolman friend Bruno for about an hour at the 46th Squad office, defendant made a complete confession.
Upon the opening of court on the morning following his surrender defendant was arraigned before a County Court Judge.
It is clear in the record, and the fact is not now seriously challenged, that this confession was neither physically nor psychologically coerced. Defendant contends, however, that the circumstances in which the confession was obtained render it inadmissible despite the fact that it was found to be voluntarily made. He argues that upon his surrender he was entitled either to be arraigned forthwith or to be forthwith delivered into the custody of the warden of the city prison. The failure of the arresting officers to do either of these things without undue delay, according to defendant, rendered the confession made intermediate the surrender and the arraignment inadmissible. As authority for this conclusion he relies principally upon the Supreme Court’s decision in Mallory v. United States (354 U. S. 449).
Even if we concede to defendant that his detention was in violation of law it would not avail him here. By a long and uninterrupted line of decisions in this State it has been made indisputably plain that a confession is not vitiated solely because it has been procured during a delay in arraignment or unlawful detention (Balbo v. People, 80 N. Y. 484, 499; People v. Trybus, 219 N. Y. 18, 22-23; People v. Doran, 246 N. Y. 409, 423; People *261 v. Mummiani, 258 N. Y. 394, 399-400; People v. Alex, 265 N. Y. 192, 194-195). By statute a confession is admissible unless involuntarily made under the influence of fear produced by threats or under a promise of immunity by the District Attorney (Code Grim. Pro., § 395). Though it constitute a crime for which the responsible parties should be punished the unlawful detention is treated as no more than one element in the broader question of the voluntariness of the confession (People v. Mummiani, supra). It has significance only insofar as it lends to the establishment of the statutory grounds for exclusion.
The rule is no doubt different in the Federal system (McNabb v. United States, 318 U. S. 332, 341-345; Upshaw v. United States, 335 U. S. 410, 414; Mallory v. United States, 354 U. S. 449, supra), but that does not affect us in this jurisdiction. The Supreme Court on several occasions has pointed out that the Federal Constitution does not impose upon State courts the rule of evidence which excludes a confession obtained while a prisoner was illegally detained, notwithstanding the fact that it was made without coercion (Stein v. New York, 346 U. S. 156, 187-188; Stroble v. California, 343 U. S. 181, 196-197; Lisenba v. California, 314 U. S. 219). The decision in the Mallory case is merely an exercise of the Supreme Court’s supervisory power over courts in the Federal system (see Stein v. New York, supra) and as such is no more effective here than are the rules of evidence of our sister States.
There are, as defendant urges, factual distinctions between the present situation and that before the courts in the earlier cited cases. Here the warrant requiring defendant’s prompt arraignment was a bench warrant issued upon an indictment. In the cited instances there was no indictment extant at the time of the arrest. Moreover, custody of defendant in this case was not obtained by apprehension but by means of defendant’s voluntary surrender made in the presence of defendant’s attorney. These distinctions afford defendant no relief.
The rules of criminal procedure requiring prompt arraignment are designed in the main to guarantee that a person will not be detained except upon a clear showing of probable cause, and to provide the defendant with the opportunity of procuring legal counsel (see Mallory v. United States, 354 U. S. 449, 452— 456, supra; People v. Mummiani, 258 N. Y. 394, 399-400, supra). *262 Here there was evidence that these objectives had in effect been met. The indictment is, of course, a determination that probable cause existed for believing the defendant to be guilty of the crime charged. More than that, however, at the time of his detention and before interrogation there was strong evidence of defendant’s guilt out of his own mouth, in the form of his prior admission to patrolman Bruno over the telephone. In any event it was the duty of the police to verify the accuracy of the version of the conversation with the defendant given by Bruno. As for the opportunity to procure counsel, the record shows that defendant did have the benefit of counsel and counsel’s instruction preliminary to his surrender. The fact, impressed upon us by defendant, that he had been told by his attorney to disclose nothing but his name indicates that the subsequent interrogation was anticipated.
All that has been said assumes that there was in fact an unlawful detention of the defendant in this case. That fact is by no means established in the record. When defendant surrendered shortly after seven o’clock at night on February 4th the County Court had recessed for the day. The arraignment was had as soon thereafter as the courts reopened, at about 10:00 a.m. the following morning. Moreover, since the court had not “ adjourned for the term ” there was no injunction in the warrant requiring that defendant be turned over to the warden of the city prison.
It appears, therefore, that there was in fact no failure to arraign promptly and no requirement to cede custody of the defendant to the warden of the city prison. Under the circumstances the detention was not in violation of the mandate of the bench warrant, or for all that appears, of any law.
If we were to treat only of the defendant’s arguments on appeal, we could end here. However, the additional reasons for reversal urged by the dissent make appropriate some further brief comments.
For the most part those arguments either assume a state of facts that simply are not before us or call for a new rule.
Whatever else may be said of People v. McMahon (15 N. Y. 384) and People v. Mondon (103 N. Y. 211) they are plainly not controlling here. Those cases held that it was an invasion of the right of the accused to call him as a witness in a criminal *263 hearing in which the charge was being examined. Confessions given under those circumstances were deemed inadmissible because it was considered that “ a judicial oath, administered when the mind is disturbed and agitated by a criminal charge ’ ’ might have the effect of preventing free and voluntary mental action (People v. McMahon, supra, p. 395). At best the soundness of this rationale is open to question (see People v. Ferola, 215 N. Y. 285, 293 et seq.) but, even granting its total validity today, it obviously has no application to the pre-arraignment confession with which we are presently concerned.
In our State law the test to be applied to the instant confession is that which was crystallized in section 395 of the Code of Criminal Procedure requiring a determination as to whether a confession was voluntarily made in the traditional and ordinary sense, i.e., without duress, mental or physical. This is also the standard against which the confession must be measured for the purpose of determining whether or not it comports with the constitutional requirements of due process (Gallegos v. Nebraska, 342 U. S. 55, 65; Brown v. Mississippi, 297 U. S. 278, 285-286; Stroble v. California, supra, p. 197; Stein v. New York, supra, pp. 187-188). Obviously, since the confession before us was not extracted by means of threats, fear or violence but was freely or voluntarily given, there can be no valid objection to its admission on either of these grounds. Certainly,' even the most vigilant guardian of civil liberties cannot fairly equate the present situation to that before the Supreme Court in Rochin v. California (342 U. S. 165) where it was held that admission in evidence of a confession procured by “ unlawfully assaulting, battering, torturing and falsely imprisoning the defendant ” (Rochin v. California, supra, p. 167) deprived him due process of law. The facts in this case show nothing comparable; there was here no coercion, violence or brutality to the person of the defendant (see Irvine v. California, 347 U. S. 128, 133).
The suggestion that the use of the confession is a violation of defendant’s right against self-incrimination is also inappropriate on the present facts. That privilege is limited to cases where incriminatory disclosure has been extorted by the constraint of legal process directed against a witness (People v. Defore, 242 N. Y. 13, 25; Adams v. New York, 192 U. S. 585, *264 597, 598). The absence of any compulsion here makes that privilege inapplicable and People ex rel. Kenny v. Adams (292 N. Y. 65) cited in the dissent inapposite.
Nor can it be said that defendant has been denied a right to counsel guaranteed him by law. It should be considered in this regard that defendant did have the benefit of his attorney’s advice before being taken into custody and consistently followed that advice until he conferred with his friend, Bruno, with whom he had consulted the previous day. That notwithstanding, nothing in our statutes or cases and certainly nothing in the Federal law requires exclusion of a confession made during a pre-arraignment questioning (see People v. Mummiani, 258 N. Y. 394, 400, supra; Gallegos v. Nebraska, 342 U. S. 55, 65, supra). In our State the statutes provide that the defendant has a right to counsel upon arraignment (Code Crim. Pro., §§ 188, 189, 296-a, 308, 699). It has always been the law of this jurisdiction that the mere fact that a confession was given by defendant while under arrest or to the State’s officer in whose custody he was does not operate to exclude the confession (Murphy v. People, 63 N. Y. 590; People v. Chapleau, 121 N. Y. 266; People v. Garfalo, 207 N. Y. 141, 145). There is no legal requirement on the part of such officers to warn the defendant that he is under no obligation to make any statement and the failure to so warn him or to provide any of the safeguards available to him upon arraignment is no ground for excluding his voluntary admissions of guilt (People v. Randazzio, 194 N. Y. 147, 158).
In sum, nothing in the law as it presently exists would bar the admission of defendant’s confession under the circumstances here present. Nor were the circumstances of its rendition such as to prompt us to assume for ourselves, if indeed we properly can, the responsibility of ameliorative regulation by judicial decision. Whatever reservations may be entertained as to the propriety of the procedure followed by the State here may be directed to the Legislature (see People v. Randazzio, 194 N. Y. 147, 159-160, supra).
Accordingly, the judgment of conviction should be affirmed.