THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ANTHONY L. JEFFRIES, Respondent.

Fourth Department, May 30, 1974.

*Edward C. Cosgrove, District Attorney (John A. Joseph, III,* of counsel), for appellant.

*William A. Purks* for respondent.

WITMER, J. P. This is an appeal by the People from an order granting defendant's motion to suppress gambling items seized

from his automobile when police officers stopped him during a routine traffic check.

The evidence upon the suppression hearing supports the hearing Judge's determination that the officers had no probable cause to search defendant's automobile and sealed envelopes therein to find the policy slips and gambling paraphernalia which formed the basis for his arrest. Officer Florian had received information that a man named Anthony Jeffries was operating a cream-colored Continental automobile bearing license number EA5505 and was carrying a gun. The officer knew Jeffries who had been the subject of several narcotics arrests. While on routine patrol on June 20, 1972 at 2:15 A.M. with his partner, Officer Fuller, Florian observed the above described Lincoln automobile, pursued it and stopped it. The driver got out and stood by the car with the door open while the officer approached him. Upon getting close to the driver, Officer Florian noted that he was not the man whom he had known as Anthony Jeffries. The officer asked to see defendant's driver's license and registration, and advised him that he was stopped because of the above information which he had received and because he was making a routine check of operator licenses and car registrations. Defendant produced his license and the car registration. The latter showed that the car was registered in the name of defendant's mother. The operator's license showed that he was Anthony L. Jeffries, but the officer advised defendant that he was not the Jeffries whom he knew. Nevertheless, the officer patted down the defendant and satisfied himself that defendant had no gun and that the officer was in no danger. Defendant was co-operative and was not aggressive in any manner. While talking with defendant Officer Florian looked into the car but saw nothing suspicious. In the meantime Officer Fuller walked to the other side of the car and saw several large yellow envelopes on the front seat, and he asked defendant what they were doing there. Defendant replied that he did not know, that he was parked down on Jefferson Avenue with the windows open and somebody might have thrown them in there. Thereupon Officer Fuller opened the car door on the passenger side, picked up one of the envelopes, opened it and found therein what he believed to be policy slips *or* cannabis. He smelled no cannabis and had no reason to believe that defendant was connected with narcotics or gambling; and he testified that he had no reason to know what was in the envelopes. He did not ask permission to open the car door or to examine the envelope. Defendant was then arrested and the car was searched and **more**

evidence of gambling was found and seized. All of this seized evidence has been suppressed.

Although the officers had the right to stop and question defendant in the course of their routine traffic check (*People* v. *Merola,* 30 A D 2d 963; Vehicle and Traffic Law, § 401, subd. 4) and the authority to frisk him (*People* v. *Taggart,* 20 N Y 2d 335; CPL 140.50), upon learning that defendant was not the man they were looking for and suspected of having a gun and that they had no further ground to suspect him, they should have let him proceed. They had no cause to question him about the large sealed envelopes on the car seat (see *Casler* v. *State of New York,* 33 A D 2d 305, 307), nor to enter the car, seize and open them. Since the car did not belong to him, and its windows were open, his answer to the officer's unwarranted question about the presence of the envelopes, that he did not know about them, that the car had been parked on Jefferson Avenue and someone might have thrown them in, did not constitute a clearly evasive answer so as to give probable cause to the officers to suspect that defendant was engaged in illegal conduct and warrant their seizing and opening the envelopes (*People* v. *Corrado,* 22 N Y 2d 308). In *Corrado* the court said (p. 311), "It cannot seriously be contended, and we do not understand the People to argue, that the objective conduct observed by the officers constituted probable cause * * *. At most, the appellants' behavior was equivocal and suspicious ". In *People* v. *Brown* (32 N Y 2d 172, 174) the court said that defendant's "behavior, at most equivocal and suspicious, was unsupplemented by any additional behavior or circumstances raising ' the level of inference from suspicion to probable cause ' ". That is precisely the situation which existed here when the officers seized and opened the envelope.

Accordingly, the order of suppression was properly granted and should be affirmed.

MOULE, J. (dissenting). On June 20, 1972 at 2:15 A.M. defendant Anthony Jeffries, the driver of a cream-colored Lincoln Continental, license number EA5505, was stopped by two Buffalo police officers. The officers had previously received information that the driver of a car fitting the description and license number of that driven by defendant was named Anthony Jeffries and was known to carry a gun. In addition, one of the officers knew an Anthony Jeffries who was a convicted narcotics offender. When defendant produced his driver's license and registration at the officers' request, it was determined that he was not the same Anthony Jeffries who was known as a nar-

cotics offender, and a pat down search by one of the officers failed to reveal a weapon. The other officer, however, observed several manila envelopes of the kind known to be used in marijuana transactions tucked beneath a center armrest in the front seat of defendant's car. When asked who owned the envelopes and where they came from, defendant replied, '' I don't know, I had my car parked on Jefferson Avenue with the windows opened.'' The officer then opened the car door and examined the contents of one of the envelopes, expecting to find marijuana. He found instead that the envelopes contained gambling records. Defendant's motion to suppress the gambling records as evidence was granted on the basis that they were the product of an illegal search of his automobile conducted without probable cause.

Although the mere presence of manila envelopes in defendant's car is insufficient to raise the level of inference from a police officer's suspicion that they may contain marijuana to probable cause (*People* v. *Corrado,* 22 N Y 2d 308), if suspicious circumstances are supplemented by additional suspicious behavior, probable cause may be found to exist (*People* v. *Brown,* 32 N Y 2d 172). Where, in addition to suspicious circumstances, a defendant gives evasive and unresponsive answers to a police officer's questions (*People* v. *Rosemond,* 26 N Y 2d 101) or where his answers are obvious falsehoods (*People* v. *Brady,* 16 N Y 2d 186), probable cause has been found. In this case, had the police officer merely seen the envelopes in the car and, without making any inquiry as to their contents, opened the door and seized them, he doubtless would have done so without probable cause to believe they contained contraband. However, here an inquiry was made. The defendant's response was evasive and its implication, that some unknown person might have placed the envelopes in the car, was an obvious falsehood. Under these circumstances, I believe the police officer had sufficient probable cause to warrant his entering the vehicle and examining the envelopes. Therefore, the suppression order was improper.

CARDAMONE and GOLDMAN, JJ., concur with WITMER, J. P.; MOULE and MAHONEY, JJ., dissent and vote to reverse the order and reinstate the indictment in an opinion by MOULE, J.

Order affirmed.