THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE L. YERDON, Appellant.—Judgment unanimously affirmed. Memorandum: While defendant was in custody on another charge, he was questioned by a Deputy Sheriff relative to a burglary at the Tri-Lion Tavern on January 19, 1974. After being apprised of his rights, defendant signed a consent card and gave an oral statement to the police, resulting in a typewritten statement in which he admitted the burglary at the Tri-Lion Tavern during the questioning by the deputy. It appears that there is some colloquy as to whether defendant would be arrested for this burglary by the Deputy Sheriff to whom he had made the statement. The deputy stated that he would not arrest the defendant for the burglary which had occurred at the Tri-Lion Tavern on January 19, 1974. After defendant was indicted for the Tri-Lion burglary he requested a *Huntley* Hearing seeking the suppression of the signed statement. Following the hearing the court denied the motion to

suppress. CPL 60.45 (subd 2, par [b], cl [i]) defines an involuntary statement as one obtained by a public servant "by means of any promise or statement of fact, which promise or statement creates a substantial risk that the defendant might falsely incriminate himself". Defendant contends that although the Deputy Sheriff's statement was literally true and that he did not arrest or apparently intend to arrest defendant for the burglary in question, namely, Tri-Lion, the indictment was for the very crime for which he was questioned and to which he plead. Defendant claims that he was mislead into giving the incriminating statement which was not suppressed by the court, thus resulting in the plea. While the age of defendant, namely 16 years, is one factor to be considered, we observe that there is no testimony other than the one conversation relative to the arrest which is questioned by defendant. There is no testimony whatever that the Deputy Sheriff or any other law enforcement officer used any force, threats, promises or coercion of any sort which would have made the statement involuntary. The evidence is convincing that there was no "improper conduct or undue pressure which impaired the defendant's physical or mental condition" (CPL 60.45, subd 2, par [a]). The evidence here establishes beyond a reasonable doubt that the admissions contained in the questioned statement were voluntarily made after adequate warnings by the questioning officer. Defendant was permitted to plead guilty to but one felony count of burglary and though involved in several other burglaries he was permitted to plead to misdemeanors in satisfaction of those indictments. The court also granted him youthful offender status, and so it cannot be successfully contended that the sentence was "so unduly harsh and severe" as to amount to an abuse of discretion. (Appeal from judgment of Oswego County Court adjudging defendant a youthful offender.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.