■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY LEWIS DUNBAR, Appellant.—Judgment unanimously reversed and defendant remanded to Onondaga County Court to replead, if so advised. Memorandum: On the night of February 23, 1976 Margaret Pfluger was stabbed when she investigated noises downstairs in her home and surprised two youths in the process of burglarizing her home. Defendant, 16 years old, was arrested for the crime at noon on the next day. Shortly thereafter he made a written confession to the police and was arraigned on the charges at 5:00 P.M. His father was present at the arraignment and asked for the assignment of counsel for defendant, but that was refused on the ground that the father and mother were working and could afford to obtain counsel for defendant. Directly after the arraignment an officer told the father that the police would like to know the identity of the other person involved in the crime. The father went to the defendant, asked him the question and defendant said that it was Rodney Moody. The father reported this to the officer, who then asked defendant whether he would make another written statement, including the identification of Moody, and defendant agreed. Defendant signed such statement at 6:45 P.M. that day. Although defendant was asked whether he understood his rights and replied that he did, he signed the statement without benefit of counsel. On the next morning defendant talked with his brother and then asked to give a further statement to the police. Again his "rights" were read to him, he said that he understood them, and he signed the third statement and made drawings of the layout of the victim's home and of the knife that he said was used by Moody to stab the victim. This was also done without counsel being present. On a *Wade* and *Huntley* hearing the court denied defendant's omnibus motion for suppression of identification testimony and defendant's original confession and the above two later statements. Statements made in the absence of counsel by one under arrest but before arraignment are not rendered inadmissible in cases where the police have duly advised the individual of his *Miranda* rights *(People v Bodie,* 16 NY2d 275). Arraignment, however, constitutes the commencement of a criminal proceeding *(People v Blake,* 35 NY2d 331, 339; *People v Meyer,* 11 NY2d 162, 164). In this case request for counsel at arraignment had been denied. Nevertheless, the police, within two hours thereafter, procured a second signed statement from defendant, knowing that he was without counsel; and on the next morning they took another statement from him under the same circumstances. The People assert that these two statements were voluntary because the police reread to defendant his "rights" on each occasion. Since the criminal proceeding had been instituted against defendant at that time, however, the police were not at liberty to elicit statements from him before he had an opportunity to obtain legal counsel *(People v Buxton,* 44 NY2d 33; *People v Cole,* 41 NY2d 944;

*People v Meyer,* 11 NY2d 162, *supra;* and see *People v Hobson,* 39 NY2d 479; *People v Blake,* 35 NY2d 331, 339-340, *supra).* The court erred, therefore, in denying the motion to suppress these two statements, and since they may have been important factors in defendant's decision to plead guilty, the judgment must be reversed *(People v Townes,* 41 NY2d 97, 105). We find no merit in the other points raised by defendant on this appeal. (Appeal from judgment of Onondaga County Court convicting defendant of burglary, first degree.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.