OPINION OF THE COURT
Edith L. Miller, J.
The respondent appears before the Family Court on a delinquency petition alleging acts, which if done by an adult, would constitute the crimes of attempted murder in the second degree (Penal Law, §§ 110.00, 125.25); assault in the first degree (Penal Law, § 120.10); criminal possession of a *256 weapon in the second degree and third degrees (Penal Law, §§ 265.03, 265.02).
Respondent, alleging to be aggrieved by unlawful or improper interrogation, moves for an order suppressing two statements on the ground that the police failed to comply with section 724 of the Family Court Act. In the instant case, the petitioner asserts that the respondent, on two occasions, had voluntarily confessed. It is the burden of the petitioner to prove the voluntariness of the statements beyond a reasonable doubt.
A suppression hearing was conducted prior to fact finding before this court on May 23, 1978. Two witnesses were called by the petitioner: the arresting officer and the stenographer. Their testimony was candid and forthright. The respondent called no witnesses and rested on the petitioner’s case. This court finds the testimony of the only witnesses at the hearing to be highly credible, and now makes the following findings of fact.
At approximately 7:45 p.m. on the evening of April 24, 1978, Harry Perez, the complainant was shot. Within five minutes, the respondent was apprehended by the police. The respondent was immediately taken to the hospital and there identified as the assailant by the complainant. Thereafter, the respondent was taken directly to the police station. The interval of time from the arrest of the respondent to the commencement of the interrogation was one hour and 10 minutes. No questions concerning the shooting were directed to the respondent prior to being given his Miranda warnings. The respondent informed the police that he was 16 years of age and stated that he was born on March 16, 1962. At 9:00 p.m. the preinterrogation warnings were read to the respondent from the arrest form which was submitted in evidence as petitioner’s Exhibit No. 1. Subsequent to each Miranda warning, the respondent was asked if he understood the warning. The respondent replied in the affirmative. Thereafter, he admitted that he had shot the complainant and related the events and circumstances surrounding the incident.
On the following day, the respondent made a second statement to the Assistant District Attorney, who conducted the interrogation of the respondent. The second confession was made subsequent to a reading of the Miranda warnings. In response to each warning, the respondent affirmatively stated *257 that he understood. The second statement was recorded by the stenographer, who testified at the suppression hearing.
The issue before this court is whether or not a juvenile who has deliberately misrepresented his age to the police is entitled, thereafter to the benefit of section 724 of the Family Court Act.
The applicable provisions of section 724 of the Family Court Act provide as follows:
"(a) If a peace officer takes into custody * * * a person [under the age of 16] * * * the peace officer shall immediately notify the parent * * *
"(b) After making every reasonable effort to give notice under paragraph (a), the peace officer shall
"(i) release the child to the custody of his parent or other person legally responsible for his care * * *
"(iii) * * * take the child directly * * * to the family court * * * unless the peace officer determines that it is necessary to question the child, in which case he may take the child to a facility designated by the appropriate appellate division of the supreme court as a suitable place for the questioning of children and there question him for a reasonable period of time”.
In the instant case, it was the respondent’s deliberate misrepresentation which led to the respondent’s interrogation in the absence of his parents without any notice of his detention. The police processed the respondent pursuant to the Criminal Procedure Law as they would process any person 16 years of age or older. Sections 721 and 723 of the Family Court Act are applicable only to persons under the age of 16 who are in custody. The respondent is in fact 15 years old, approximately 5 feet 6 inches and weighs about 120 pounds. The physical stature and demeanor of the respondent, coupled with his own representation of his age constitute a reasonable basis for the police to have believed that the respondent was indeed 16 years old at the time of his arrest.
This court has not, through its own research, uncovered any authority which squarely stands for the premise that the age of a juvenile in and of itself excludes the possibility of an intelligent waiver of constitutional rights in the absence of a parent. Case law in this State, however, has indicated that a confession is not inadmissible merely because the person making it is a minor (see People v De Flumer, 21 AD2d 959, *258 affd 16 NY2d 20; People v Yerdon, 51 AD2d 875). Moreover, confessions of a juvenile made in the absence of a parent is not ipso facto inadmissible evidence. (See Matter of Raphael A., 53 AD2d 592; Matter of Turner, 56 Misc 2d 638.)
We are mindful of the recent decision rendered by the Appellate Division, Second Department, Matter of Brian P. T. (58 AD2d 868) where the court held that a statement taken in the absence of the parents without notification to them should have been suppressed and that the presence of the juvenile’s uncle at the time the statement was made did not cure the failure of the police to notify parents or their absence when the statement was made.
The case at bar must be distinguished from Matter of Brian P. T. (supra). In Matter of Brian P. T., the police were in fact aware that the youngster was under 16 years of age. Yet the police made no effort to notify the parents and proceeded to interrogate the youngster in their absence. The court stated (p 869) "[t]hat the uncle of the appellant * * * [who was] present at the time the appellant had given his statement * * * does not cure the failure of the police to notify the appellant’s parents or the lack of their presence at the time the statement had been made”.
Concededly, in the instant case, the police did not notify respondent’s parents as required by section 724 of the Family Court Act. However, the failure of compliance was the direct result of a deliberate misrepresentation on the part of the respondent. There is no claim by the respondent, nor does the record reveal, that the police intentionally caused the respondent to misrepresent his true age.
The court has examined the totality of circumstances under which the statements were made. Included among the relevant considerations was the respondent’s age as well as his interrogation in the absence of counsel and parents. We find no impropriety on the part of the law enforcement officials. There was no unlawful arrest, no protracted and continuous questioning, no trickery, coercion or maltreatment by the police. The record indicates that the respondent, who was born May 17, 1963 in New York City, understood all that was said to him by the police and the Assistant District Attorney. No testimony has been elicited as to any special circumstances which this court would have considered had the respondent suffered from mental retardation, psychological or physical disability or a language impediment. Moreover, no explana *259 tion was presented through testimony which accounted for respondent’s misrepresentation of his age. The court, therefore, finds that the voluntariness of the respondent’s statement was, as required by law, proven beyond a reasonable doubt (see People v Huntley, 15 NY2d 72, 78; People v Valerius, 31 NY2d 51, 55; People v Pobliner, 32 NY2d 356, 368).
Consequently, under the totality of the facts and circumstances surrounding this particular case, we hold that the fundamental rights of the respondent have not been violated and that the respondent had voluntarily made both inculpatory statements. We further hold that the respondent was properly advised of his constitutional rights and, thereafter, exercised a valid waiver of those rights.
Accordingly, the respondent’s motion to suppress is hereby denied.