THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANCIS MISSANA, Respondent.

Fourth Department, July 6, 1979

APPEARANCES OF COUNSEL

*Edward C. Cosgrove, District Attorney (Mark S. Ackerman of counsel)*, for appellant.

*John J. Carney (Peter Kooshoian of counsel)*, for respondent.

**OPINION OF THE COURT**

WITMER, J.

This appeal presents a close question of whether police officers had probable cause to arrest defendant and seize drugs in his possession. We conclude that they did.

On May 2, 1978 Officer Juskiewicz of the Buffalo Police Department received an anonymous telephone call asking the police to "do something" about a young man selling LSD to kids in bowling alleys. The caller described defendant as engaged in such conduct at that moment at a designated bowling alley. He named defendant, described him physically and his dress, and stated that defendant had his automobile parked near the side door of the bowling alley. Officer Juskiewicz and his fellow Officer Bieliec went to the bowling alley within one-half hour of receiving the call and saw defendant there, playing the "foozball" machine. They observed several young men going up and speaking to him, and when one young man in particular did so, defendant walked out through the side door of the bowling alley to an automobile parked outside, with the young man following him. The officers also followed, Bieliec at a distance of 25 feet or so but Juskiewicz close to defendant. Defendant opened the automobile door and produced, either from his pocket or from the automobile, a cigarette package and from it he drew a baggie containing some pills which Officer Juskiewicz recognized, from his experience, as being the same as LSD pills, which are handled that way. He saw defendant put the baggie in his pants pocket and the cigarette package in his leather jacket. Officer Juskiewicz

said that at that time he was in plain clothes and was so close to defendant that he could have reached out and taken the baggie and package out of defendant's hands. He testified that defendant was so intent on obtaining the package and baggie that he did not realize that the officer was there. The young man who followed defendant out to the car left and went down the street. The officers did not see defendant give anything to him.

Defendant returned directly to the bowling alley, and the officers saw several young people start going to him. At that moment, to prevent defendant from disposing of the drugs which the officers knew that he had in his possession, and to avoid creating a scene, the officers invited defendant into the men's room. There they identified themselves as police officers and asked him whether he had anything on him that he was not supposed to have. Defendant broke out into a sweat and handed over to them a packet of LSD; and Officer Bieliec reached into defendant's jacket and seized the cigarette package which contained two other packets of LSD. These were the same items that Officer Juskiewicz in particular had seen defendant possess outside at the automobile; and they conformed with the anonymous information given to the officers over the telephone.

Although the telephone call did not give the police probable cause to arrest defendant and seize the drugs, it alerted them to investigate the alleged criminal activity. In the course of their investigation the police saw defendant who fitted exactly the description given to them; and they saw in his possession what appeared to them, in their experience, to be LSD, and they saw evidence that defendant intended to sell it. No charge of selling is involved herein; but what they saw was related to the charge of possession. Because defendant might momentarily dispossess himself of the drugs which the officers had seen in his possession, there was no time for them to seek a warrant to arrest and search him.

■ The requirement that the officers have probable cause before making an arrest and seizing evidence *(People v Russell,* 34 NY2d 261) does not mean that they must be absolutely certain of defendant's guilt of possession before they arrest and seize *(Brinegar v United States,* 338 US 160, 175-176; *Bell v United States,* 254 F2d 82, 85-86). With knowledge of how LSD is packaged and sold, the officers had received an anonymous complaint that defendant was selling it at the bowling

alley. That alone, of course, did not give them probable cause to arrest and seize *(Beck v Ohio,* 379 US 89, 94; *People v De Bour,* 40 NY2d 210, 224; *People v Oden,* 36 NY2d 382). They then observed defendant in suspicious circumstances, which suggested to them that the information which they received over the telephone was correct. Upon following defendant to the automobile outside of the bowling alley they saw defendant in possession of baggies containing pills which, in Officer Juskiewicz' experience, looked like LSD, and they saw him put some in different pockets and return with them to the bowling alley where they could have been directly sold and delivered. There was no time to obtain a warrant. The officers, however, had probable cause at that moment not only to obtain a warrant but also to arrest defendant and seize the evidence without a warrant *(Brinegar v United States,* 338 US 160, 175-176, *supra; People v Alexander,* 37 NY2d 202; *People v Quinones,* 33 NY2d 811; *People v Malinsky,* 15 NY2d 86, 95-96; *United States v Moon,* 351 F2d 464; *Bell v United States,* 254 F2d 82, 85-86, *supra).* To be distinguished are cases in which the arresting officers, surveilling a defendant in response to reports of his illegal conduct, did not observe sufficient confirmation of the report of his guilt to give them probable cause to make an arrest and to seize the evidence (see *Beck v Ohio,* 379 US 89, 94, *supra; People v Jeffries,* 38 NY2d 722, affg suppression order on opn at 45 AD2d 6; *People v Oden,* 36 NY2d 382, *supra; People v Corrado,* 22 NY2d 308).

▪ Whether the seizure preceded the arrest or followed it in this case is immaterial, since all the acts were virtually simultaneous *(People v Evans,* 43 NY2d 160, 166; *People v Hadley,* 67 AD2d 259, 263).

The court erred, therefore, in granting the motion; and the order should be reversed and the motion to suppress the evidence denied.

CARDAMONE, J. P., HANCOCK, JR., SCHNEPP and DOERR, JJ., concur.

Order unanimously reversed and motion denied.