■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY LEWIS DUNBAR, Appellant.—Judgment unanimously affirmed. Memorandum: Following denial of his suppression motion, defendant pleaded guilty to burglary, first degree, in satisfaction of a multiple-count indictment, and was sentenced on March 3, 1977. On appeal we reversed and granted a new trial because after defendant had been arraigned and his father's request for assignment of counsel had been denied, the police interrogated defendant in the absence of counsel and obtained two signed statements from him. We ordered them suppressed but found no merit in the other points presented by defendant on that appeal (62 AD2d 1132). On remand, defendant moved to suppress his prearraignment oral confession, on the grounds that the police lacked probable cause to arrest him and that the confession was not voluntarily nor knowingly made. The court denied the motion. Defendant then again pleaded guilty to burglary, first degree, and moved to be given youthful offender treatment on sentencing. He appeals from a denial of the above motions. Since, essentially, we ruled adversely to defendant on these motions, following the first conviction, such rulings might be deemed the law of the case. We have, however, considered *de novo* the points raised (see *People v Blake,* 35 NY2d 331, 334-335). Although the police lacked probable cause to arrest defendant when they were first instructed on the morning of February 24, 1976 to find him and bring him in for questioning (the direction being founded only on Officer Waskiewicz' "gut feeling"), before they found him they had received information that the victim had tentatively identified defendant from a photograph, and they had an enlarged copy of the photograph with them; they also had information that defendant telephoned to his school principal, admitted that he was in trouble and said that he fled from school because Officer Waskiewicz was looking for him. Information in possession of one police officer communicated to another may be relied upon by the latter as equivalent to his own knowledge *(People v Lypka,* 36 NY2d 210, 213; *People v Horowitz,* 21 NY2d 55, 60). Although lacking probable cause to arrest defendant when they first set out to find him, the fact that the police obtained information giving them probable cause to arrest before they found him rendered the arrest proper *(People v Missana,* 68 AD2d 782). Such information was sufficient, not to prove defendant's guilt, but to give the officers probable cause to arrest and interrogate him *(Brinegar v United States,* 338 US 160, 175-176; *Bell v United States,* 254 F2d 82, 85-86; *People v Kreichman,* 37 NY2d 693, 699; *People v Marshall,* 13 NY2d 28, 34). Before interrogating defendant, Officer Mrozienski duly gave him the *Miranda* warnings, and defendant stated that he understood them and wanted to tell the officer "the story". In doing so, he admitted stabbing the victim when surprised during the burglary on February 23, 1976. There is no evidence of undue pressure applied to defendant to secure his confession. The fact that he was young does not render his confession involuntary *(People v Yerdon,* 51 AD2d 875). Moreover, defendant had a juvenile record of several criminal convictions in the preceding two years. He was, therefore, acquainted with police and was well versed in his rights in criminal proceedings (see Family Ct Act, § 741). Defendant volunteered his statement to the police within 45 minutes of his arrest, and the delay of four hours thereafter before his arraignment did not render his confession involuntary *(People v Carbonaro,* 21 NY2d 271; cf. *Spano v New York,* 360 US 315, revg 4 NY2d 256). There is no evidence that defendant asked to see a parent for counseling, and no denial thereof. Thus,

defendant's oral statement was voluntary, and the court correctly denied the motion to suppress it. The grant of youthful offender treatment is a matter of privilege, not of right *(People v Drayton,* 39 NY2d 580, affg 47 AD2d 952). The court complied with the statute (CPL 720.20, subd 1) by inquiring into defendant's history to determine whether he should be accorded youthful offender treatment. In light of defendant's prior criminal record, the court did not abuse its discretion in denying defendant the benefit of such treatment (cf. *People v Kerr,* 43 AD2d 895). (Appeal from judgment of Onondaga County Court—burglary, first degree.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.