599 P.2d 968 (1979)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of M. M., Child-Appellant, a Child and Concerning M. M., Respondent-Appellant.
No. 78-355.
Colorado Court of Appeals, Div. I.
July 26, 1979.
*969 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for petitioner-appellee.
Dick Gottsegen, Colorado Springs, for respondent-appellant.
COYTE, Judge.
A petition was filed in juvenile court alleging that the child-appellant, M.M., had engaged in conduct which, had he been an adult, would constitute violation of a criminal statutesexual assault on two children who had been left under his care. From a judgment of the trial court adjudicating M.M. a juvenile delinquent, M.M. appeals, and we reverse.
M.M. was given a polygraph test following stipulation by his counsel that the results would not be admissible against him. Neither M.M.'s parents nor his attorney was present during the examination. After M.M. had answered several questions denying his involvement in the assault, the polygraph operator told M.M. that the results indicated he was lying. M.M. then indicated that he wished to make a statement. Two police officers were summoned, and M.M. made a statement, which the trial court found to be voluntary.
The above circumstances raise the issue of the admissibility of a statement obtained from a child without the presence of parents or counsel. Section 19-2-102(3)(c)(I), C.R.S.1973 (now in 1978 Repl.Vol. 8), provides:
"No statements or admissions of a child made as a result of interrogation of the child by a law enforcement official concerning acts alleged to have been committed by the child which would constitute a crime if committed by an adult shall be admissible in evidence against that child unless a parent, guardian, or legal custodian of the child was present at such interrogation . . . except that, if a public defender or counsel representing the child is present at such interrogation, such statements or admissions may be admissible in evidence even though the child's parent, guardian, or legal custodian was not present."
Prior cases have strictly construed this statute, holding that a child's confession was inadmissible where the child received inadequate guidance because the parent was present but was also incarcerated, People in the Int. of L. B., 33 Colo.App. 1, 513 P.2d 1069 (1973), or where a counselor or caseworker was substituted for the parent. People v. McAnally, Colo., 554 P.2d 1100 (1976); People v. Maes, Colo., 571 P.2d 305 (1977). "[S]tatements and admissions made to the police by a juvenile in the course of a criminal investigation are not admissible in evidence against a juvenile unless this special protection contemplated by the statute is provided." People v. Maes, supra. Appointment of counsel does not alleviate the necessity for compliance with the statute where counsel was not present at the time of the confession.
The People contend that § 19-2-102 is inapplicable because M.M. was eighteen years of age at the time of the confession. We disagree. M.M. was seventeen at the time of the offense, and therefore, under the Children's Code, he is considered a child for purposes of the proceedings relative to that offense. Section 19-1-103(2), C.R.S.1973 (now in 1978 Repl.Vol. 8) provides that "any minor eighteen years of age or over . . . who is before the court for an alleged delinquent act committed prior to his eighteenth birthday . . . shall be referred to as a child." See Maddox v. People, 178 Colo. 366, 497 P.2d 1263 (1972); People v. McAnally, supra.
Accordingly, we conclude that M.M.'s statement should have been excluded by the trial court, and failure to do so is reversible error.
*970 M.M. also contends that the trial court erred in allowing amendment of the petition following presentation of the prosecution's case, to change the statutory section cited from § 18-3-407, C.R.S.1973, to § 18-3-404, C.R.S.1973. We find no error. Although § 19-3-102(2), C.R.S.1973 (1978 Repl.Vol. 8), requires a juvenile delinquency petition to "cite the law or municipal ordinance which the child is alleged to have violated," this provision does not preclude correction of an erroneous statutory reference. The citation of a statute is an immaterial portion of an information, People v. Marion, 182 Colo. 435, 514 P.2d 327 (1973), and an information is closely analogous to a delinquency petition. A juvenile is entitled to the same due process rights as an adult, People in the Interest of R. A. D., Colo., 586 P.2d 46 (1978), and we conclude that, where there is no showing that the child was misled by any inaccuracy as to the nature of the charge against him, such an amendment is not grounds for reversal.
Here, the statutory section originally cited in the petition deals with evidentiary matters and does not state an offense. Further, the language of the petition closely paralleled the language of the proper section and clearly described the offense charged. Under these circumstances, we find no error in allowing the petition to be amended.
M.M.'s other assertion of error relates solely to the conduct of his prior trial, and in light of our decision to remand for a new trial, it need not be addressed.
Judgment reversed and cause remanded for a new trial.
STERNBERG, J., concurs.
VAN CISE, J., dissents.
VAN CISE, Judge, dissenting:
In a delinquency action such as the instant case, the juvenile court retains jurisdiction over a person over eighteen years of age who is before the court for an alleged delinquent act committed prior to his eighteenth birthday. In that context the respondent is to be referred to as a child. See § 19-1-103(2), C.R.S.1973 (1978 Repl.Vol. 8).
However, subsection (3) of the same statute defines "child" as "a person under eighteen years of age." Once a person attains the age of eighteen, he ceases to be a child, and there is no reason to treat him differently from any other adult.
I would limit the applicability of Article 2 of the Children's Code to persons who are under eighteen (except for the situations covered in § 19-2-101(2)(b) and in § 19-2-102(5), C.R.S.1973 (1978 Repl.Vol. 8)). Respondent's statement, made when he was eighteen years old and after Miranda warnings, was found to be voluntary. This finding is supported by the evidence. I see no error in its having been admitted.