# THIRD DEPARTMENT, NOVEMBER, 1983

## (November 3, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ROCKWELL, Appellant. — Appeal from a judgment of the County Court of Columbia County (Zittel, J.), rendered July 28, 1980, upon a verdict convicting defendant of the crimes of attempted rape in the first degree, assault in the third degree and two counts of sexual abuse in the first degree. Defendant was indicted by the May 1979 term of the Grand Jury of Columbia County in a five-count indictment charging him with two counts of sodomy in the first degree, attempted rape in the first degree, assault in the third degree and unlawful imprisonment in the first degree. The indictment alleged that on May 23, 1979, defendant sodomized, attempted to rape, assaulted and restrained the complainant. Defendant was convicted after a jury trial of attempted rape in the first degree, assault in the third degree and two counts of sexual abuse in the first degree. He was sentenced to one year on the assault conviction, two to six years on the sexual abuse convictions and two to six years on the attempted rape conviction, all sentences to run concurrently. Complainant first met defendant in the parking lot of the College Inn where she and another girl had been involved in a heated argument. Defendant was present and engaged the complainant in a conversation and ultimately asked her for a ride home, to which she acquiesced. As he directed her to his home, she perceived that they were in an isolated area and when she attempted to turn back, defendant switched off the engine, took her car keys and made advances to her. When she attempted to ward them off, he dragged her out of the car by her hair, knocked her down, jumped on her, struck her, choked her, threatened her and perpetrated acts of sodomy and rape on her. She sustained bodily bruises, neck and mouth injuries, and internal injuries. During this attack, her car lighter was thrown outside the car window. She was finally permitted to drive defendant to where he directed. He exited in front of a parking lot after which complainant left and attempted to find her boyfriend. Not finding him, she returned home. Later she went to seek her boyfriend again and related to him the events of the

preceding night. The two retraced their way to the scene of the prior night's events. A policeman stopped her for a traffic violation at which time her boyfriend told him what had occurred. The victim was escorted by the officer to the Sheriff's office where she filed a complaint. A medical examination of complainant was made. Defendant raises several issues as to the propriety of the indictment and the constitutionality of the Grand Jury system. He urges that he was improperly indicted by the Grand Jury in that its term was extended in contravention of statutory procedure and the Grand Jury was, therefore, without jurisdiction over him. We find this argument meritless. The term of the Grand Jury which indicted him extended to the opening date of the next court term for which a Grand Jury was designated (see Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 190.15, p 201). Here, no subsequent Grand Jury was convened before the indicting Grand Jury had returned the indictment against defendant. The indictment was thus jurisdictionally regular. We find no merit in defendant's allegations of error relating to the failure of the District Attorney to present complainant's signed statement to the Grand Jury which defendant argues contained contradictions. The District Attorney has wide discretion in the presentation of evidence to establish his prima facie case (*People v Filis,* 87 Misc 2d 1067) and the mere failure to present all the evidence against a defendant to the Grand Jury does not affect the regularity of its proceedings. As to the adequacy of the instructions received by the Grand Jury, the term "physical injuries" is so obvious in its connotation that a failure to instruct as to its statutory meaning is not fatal. On the other hand, the failure to instruct as to "serious physical injury", although more significant, is of no consequence because defendant was acquitted of the crime as to which its meaning was relevant, i.e., unlawful imprisonment. Defendant's attack on the procedural scheme of Grand Jury indictments is not well founded. We concur with the opinion that an indicted defendant does not have a constitutional right to a preliminary hearing as a condition precedent to an indictment before a Grand Jury (*People v Galak,* 114 Misc 2d 719; *People v Wei Chen,* 104 Misc 2d 1057; cf. *People ex rel. Hirschberg v Close,* 1 NY2d 258). Defendant contends that he was deprived of the effective assistance of legal counsel. The record belies such allegation. Defense counsel was a skilled and experienced attorney who gave meaningful representation to defendant in conformity with the required norm (see *People v Baldi,* 54 NY2d 137). Defendant's allegations of error in the *Wade* hearing we find to be insignificant. The testimony of the victim indicated that she had viewed defendant at close range and in sufficient light intermittently for 20 minutes. There was thus established an independent basis for identification which was properly admitted into evidence at the trial. Defendant urges that it was improper for the prosecutor to introduce testimony concerning rape, an uncharged crime, which we note was not objected to. We disagree. The record indicates that such information was elicited in the course of the victim's narration of the attack upon her. The testimony was thus admissible as part of the *res gestae* of the crime charged and, in any event, objection to it was waived by the defense. Any preclusion on questioning the victim as to prior sexual experience is within the trial court's discretion (see *People v Mandel,* 48 NY2d 952, cert den 446 US 949). There was no abuse of that discretion in this case. Defendant's contention that the sentence imposed on him is excessive and an abuse of discretion is also without merit. Defendant was convicted of a class A misdemeanor and three violent felonies. This, combined with his previous record, fully justifies the imposition of the sentence. Defendant raises a whole host of other alleged errors: insufficient evidence of compulsion; failure to amplify the bill of particulars; failure to grant a mistrial; prosecutorial misconduct; and erroneous charge. We decline to address these issues as they

are without merit. Further, the court did not abuse its discretion in failing to grant defendant youthful offender status (see *People v Williams,* 78 AD2d 642 [violent crimes]; *People v Dunbar,* 71 AD2d 805 [prior record]). The evidence before the jury was overwhelming as to guilt. The victim's testimony as to the assault and sexual attack was logically consistent and strongly corroborated by evidence of a struggle found at the scene of the crime, the testimony of the examining physician and of police officers. Finally, witnesses placed defendant with the victim at the scene of the crime. Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur; Main, J., concurs in the result only.