The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Dameon E. NICHOLAS, Defendant–Appellant.

No. 95CA1679.

Colorado Court of Appeals, Div. V.

July 10, 1997.

Rehearing Denied Sept. 4, 1997.

Certiorari Granted Feb. 2, 1998.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Catherine P. Adkisson, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Lari Jean Trogani, Colorado Springs, for Defendant–Appellant.

Opinion by Judge RULAND.

Defendant, Dameon E. Nicholas, appeals the judgments of conviction entered upon jury verdicts finding him guilty of first degree murder, attempted aggravated robbery, and conspiracy to commit aggravated robbery. We affirm.

By its verdict, the jury determined that defendant and an accomplice conspired to commit the robbery of a customer in the parking lot adjacent to a pharmacy. The accomplice shot and killed the victim. At the time that the victim was shot, defendant was waiting across the street. Both fled the scene together through an apartment complex.

Later, defendant and his accomplice returned to the apartment complex to retrieve handguns carried prior to commission of the crime. An investigating officer noticed the two individuals and they were questioned at the scene and later at the police station. A field interview record for defendant was prepared by one of the officers, and defendant provided a birth date reflecting that he was 18 years of age.

At the station, defendant and his accomplice were separated for purposes of the interviews. Three subsequent interviews were conducted of defendant, and he confirmed that he was 18 during each. He also indicated that he was 18 in a conversation with an officer between the interviews. As a result, when defendant asked to contact his father, his request was denied.

When defendant was advised that he would be arrested at the end of the third interview, he announced for the first time that he was 17 and thus could not be confined in the El Paso County Criminal Justice Center.

In response to defendant's motion to suppress all statements made in the three interviews, the trial court suppressed defendant's statements made during the first interview because no *Miranda* warnings had been given. However, considering the totality of the circumstances at the time, the court admitted statements made in the subsequent interrogations because proper warnings were given and because defendant misrepresented his age.

I

Defendant first contends that because he was only 17 when he was interviewed, the Children's Code, § 19-2-201, et seq., C.R.S. (1996 Cum.Supp.) requires that he be afforded certain rights as a juvenile including the right to have a parent present for an advisement of his rights and for all interviews. Accordingly, defendant argues that all statements made during the interviews should have been suppressed, notwithstanding the fact that he misrepresented his age. We disagree.

The General Assembly enacted the Children's Code for the purpose of providing special protections to a juvenile in police custody. *People v. Maes,* 194 Colo. 235, 571

P.2d 305 (1977). To that end, § 19–2–201(1), C.R.S. (1986 Repl.Vol. 8B) as then in effect, required that the officers here notify defendant's parents when he was taken into custody.

Further, § 19–2–210(1), C.R.S. (1996 Cum. Supp.) provides that:

> No statements or admissions of a juvenile made as a result of the custodial interrogation of such juvenile by a law enforcement official concerning delinquent acts alleged to have been committed by the juvenile shall be admissible in evidence against such juvenile unless a parent, guardian, or legal or physical custodian of the juvenile was present at such interrogation and the juvenile and his parent, guardian, or legal or physical custodian were advised of the juvenile's right to remain silent and that any statements made may be used against him in a court of law, of his right to the presence of an attorney during such interrogation, and of his right to have counsel appointed if he so requests at the time of the interrogation. . . .

See People in Interest of M.M., 43 Colo.App. 65, 599 P.2d 968 (1979)(statements taken in violation of the statute are not admissible). However, the Act does not address whether compliance with the statutory requirements is required if the juvenile misrepresents his or her age.

A somewhat analogous issue was addressed by our supreme court in *People in Interest of M.R.J.,* 633 P.2d 474 (Colo.1981). There, the parents of a juvenile consented to the interrogation of their 13–year–old son by an officer out of their presence, and the juvenile made certain incriminating statements. While the court declined to address whether the juvenile could waive the right to have his parents present under the Children's Code, the court did adopt a "totality of the circumstances" test for determining whether the juvenile had waived his right to remain silent and thus whether his statements were voluntary.

The court noted that the primary factors for consideration were the juvenile's age, experience, background, and intelligence, together with his capacity to understand the warnings given him and the consequences of waiving those rights.

A "totality of the circumstances" test was also adopted in *In re Hector C.,* 95 Misc.2d 255, 406 N.Y.S.2d 958 (N.Y.Fam.Ct.1978) in addressing the specific issue before us. There, the juvenile informed the officers that he was 16 years of age and produced a transit pass confirming that age. Statutory protections similar to those here were available only to juveniles 15 years of age or younger.

The family court held that the juvenile's incriminating statements were admissible even though he was 15 and the statute required the presence of a parent. Considering the totality of circumstances, the court held the juvenile's statements admissible because he was properly advised of his constitutional rights, he deliberately misrepresented his age, and his physical stature and demeanor were consistent with a person 16 years of age.

Conversely, the court noted the absence of any trickery, coercion, or other mistreatment by the officers. The court also noted the lack of evidence that the juvenile was physically or mentally disabled. *See also People v. Salaam,* 83 N.Y.2d 51, 607 N.Y.S.2d 899, 629 N.E.2d 371 (1993)(juvenile's incriminating statements admitted where juvenile misrepresented his age, police attempted to ascertain his correct age, and there was no evidence that officers attempted to evade statutory requirements).

Here, on at least five separate occasions, defendant told the police that he was 18. In addition, the trial court found that defendant had the appearance of an 18–year–old individual. Finally, the court found that there was no evidence of police trickery or bad faith in interrogating defendant. Given the court's consideration of the totality of the circumstances, its findings on the relevant criteria, and the absence of any evidence of mental or physical disability on the part of the defendant, we perceive no basis for overturning the court's ruling.

## II

■ Defendant next contends that the trial court's admission of evidence describing

his alleged gang affiliation prejudiced him in receiving a fair trial. We conclude that the evidence was properly admitted.

Trial courts are granted substantial discretion to decide whether proposed evidence is relevant and whether its probative value is outweighed by the prejudicial impact of the evidence on a jury. To show an abuse of that discretion, it must appear that the trial court's decision was manifestly arbitrary, unreasonable, or unfair. *People v. Ibarra*, 849 P.2d 33 (Colo.1993).

Here, the evidence was offered by the prosecution to demonstrate that defendant's accomplice attempted the robbery in order to show that he should be allowed to join in defendant's gang. Hence, the evidence was relevant to the possible motive for the crimes, and its admission was proper. *See People v. Moya*, 899 P.2d 212 (Colo.App. 1994).

### III

 Finally, defendant contends that the trial court erred in not instructing the jury regarding the affirmative defense of abandonment. Defendant argued to the trial court without explanation that the instruction was warranted because of the prosecution's "shift" in its theory. We are not persuaded.

Section 18–2–101(3), C.R.S. (1986 Repl.Vol. 8B) provides that, if a person abandons any effort to commit a crime, that person is entitled to assert such as an affirmative defense to such crime. And, a defendant is entitled to an instruction on his or her theory of the case, provided that it is grounded in evidence. *People v. Mackey*, 185 Colo. 24, 521 P.2d 910 (1974).

Here, however, defendant's tendered jury instruction read:

> [Defendant's] defense is that [defendant's accomplice] acted on his own and was able to act on his own in attempting to rob [the victim] in a spontaneous and random act. Further, that [defendant's accomplice's] actions were consistent with [his] statements and prior violent acts.

Accordingly, even if we assume that the instruction was intended to address the concept of abandonment, the uncontroverted evidence is that, knowing his accomplice was going to rob someone, defendant went across the street after his accomplice approached the pharmacy parking lot. He then waited for his accomplice before leaving the scene of the crime, and came back to the scene to conceal or remove the handguns that were used in the crime.

Under this state of the record, there is nothing indicating a voluntary renunciation of an intent to commit the charged crimes. Therefore, we find no error in the court's ruling.

The judgments are affirmed.

METZGER and TAUBMAN, JJ., concur.