THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BYRON E. RITTENHOUSE, Appellant.— Appeal from a judgment of the County Court, Chemung County, rendered August 28, 1969 upon verdicts convicting defendant of two counts of burglary in the third degree and two counts of petit larceny. Defendant was indicted by the February 1969 Grand Jury of Chemung County in two indictments, both charging him with burglary in the third degree and petit larceny. The trial of the first indictment resulted in a mistrial when defendant escaped and did not appear after a recess. Subsequently, in two separate trials, he was found guilty on both counts of each indictment. He was also found guilty of escape, which conviction was affirmed by this court (37 A D 2d 694). Defendant raises three issues on this appeal. He maintains that the Trial Judge erred in requiring him to be handcuffed to a Deputy Sheriff during the trials. He also maintains that the statement he made to a Deputy Sheriff which was introduced at the trial of the first indictment was involuntary and inadmissible. Finally, he claims it was error to receive in evidence certain bags and coins found on defendant as a result of a search when he was arrested. As to the first issue, it was within the discretion of the Trial Judge to determine what precautions were necessary to prevent another escape by defendant. In view of the previous escape and the statement made by defendant that he would never be brought to trial, we cannot conclude that the Trial Judge abused his discretion in ordering handcuffs. (*People* v. *Mendola*, 2 N Y 2d 270.) Neither is there any merit to the defendant's contention that certain evidence was obtained by an illegal search and seizure. Unlike *People* v. *Marsh* (20 N Y 2d 98), relied upon by defendant, here defendant was arrested for leaving the scene of an accident which is a misdemeanor, and not a mere traffic violation. Under the attendant circumstances it was reasonable for the trooper to believe that he might be assaulted by the defendant, and in any event, search was permissible to prevent an escape. (See *People* v. *Lewis*, 26 N Y 2d 547; *People* v. *Baer*, 37 A D 2d 150.) From all of the proof the jury could reasonably conclude that the currency and bags, and particularly the centennial coins, were those taken from Herrick's

Barber Shop. (*People* v. *Manfro,* 30 A D 2d 1000.) Finally, and the most perplexing problem, is the voluntariness of the statement made by the defendant to the Deputy Sheriff. It was initially brought about by a request of the defendant to talk with the deputy. The defendant told the deputy that he had been involved in certain burglaries which he wanted to "get off his mind" on the condition, however, that he would be charged with only one crime. After consulting with other police authorities in the area, including the State Police, the deputy returned and agreed to the "deal". The statement in question was then taken and signed. The Grand Jury, nevertheless, indicted defendant for more than one crime. There is no evidence that the deputy intentionally misled the defendant. Neither is there any evidence that the District Attorney was involved or agreed to the arrangement. The fact that the deputy's promise turned out to be false, in and of itself, is not enough to render the confession involuntary (*People* v. *Boone,* 22 N Y 2d 476; *People* v. *McQueen,* 18 N Y 2d 337). It is significant that the District Attorney was in no way connected with the deputy's promise to defendant. Our courts have previously held that the District Attorney must authorize the promise of immunity. (*People* v. *Kurtz,* 42 Hun 335; *People* v. *Chapman,* 224 N.Y. 463; see *People* v. *Caserino,* 16 N Y 2d 255.) On this record it is our opinion that it was not error for the Trial Judge to receive the statement in evidence. The confession was held to be voluntary after a *Huntley* hearing, and at the trial the question of voluntariness was also submitted to the jury (*People* v. *Wormuth,* 35 A D 2d 609). Judgment affirmed. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur.