■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GALE ZIMMER, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered October 24, 1975, which sentenced defendant, as a second felony offender, to an indeterminate term of imprisonment with a maximum of seven years and a minimum of three and one-half years, upon his plea of guilty, to the crime of forgery in the second degree. Indicted in April of 1975 for the crimes of forgery in the second degree (Penal Law, § 170.10, subd 1), criminal possession of a forged instrument in the second degree (Penal Law, § 170.25) and petit larceny (Penal Law, § 155.25), defendant pleaded guilty on October 1, 1975 to forgery in the second degree in full satisfaction of the indictment. Thereafter, as noted above, he was sentenced to a three and one-half to seven-year term of imprisonment as a second felony offender. On this appeal, defendant initially contends that an incriminating written statement which he gave the police was not voluntary and that his motion to suppress was improperly denied because said statement was the product of a will overborne by the inducements and promises of a police investigator. We disagree. From the record it is clear that defendant was made aware of and fully understood his constitutional rights at the time of his statement. Moreover, in return for giving the statement, he was prosecuted upon only one bad check as the police investigator had indicated. Thus, there was no misrepresentation or deceit practiced upon defendant intentionally or otherwise, and under all the circumstances we cannot say that the Trial Judge erred in denying the motion to suppress after a *Huntley* hearing (cf. *People v Rittenhouse,* 37 AD2d 866; *People v Tibbs,* 82 Misc 2d 7, affd 52 AD2d 759). Defendant's remaining contention that his sentence was harsh and excessive is likewise without merit. Concededly, the term imposed is within the statutory limits and no extraordinary circumstances are presented which would justify our disturbance thereof *(People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). Judgment affirmed. Koreman, P. J., Sweeney, Mahoney, Main and Herlihy, JJ., concur.