In the Matter of DIEUDONNE ROCHE, Petitioner, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination of respondent, State commissioner, confirmed, without costs and without disbursements. Concur—Lupiano, J. P., Birns and Silverman, JJ.; Evans and Sandler, JJ., dissent in the following memorandum by Sandler, J.: Petitioner, a home relief recipient, seeks in this article 78 proceeding to annul a determination of the State Commissioner of Social Services, sustaining the New York City Department of Social Services, which disqualified petitioner from receiving assistance for a period of 30 days on the finding that the petitioner failed to report for medical examinations on four separate occasions without good cause. Respondent's determination was based on an alleged violation of 18 NYCRR 385.7, which provides in pertinent part as follows: "SANCTIONS. (a) A person who without good cause fails or refuses to accept referral to and participate in a vocational rehabilitation program shall be disqualified from receiving either ADC or HR for 30 days thereafter and until such time as he is willing to comply with the requirements of this Part. * * * (b) A person who: (1) Without good cause fails or refuses to undergo a necessary medical examination or treatment; * * * (3) * * * shall be disqualified from receiving either ADC or HR for 30 days thereafter". It is not disputed that petitioner failed to appear for scheduled medical examinations on May 5, May 19, June 2 and July 7, 1975. In a fair hearing, petitioner explained that he did not attend on May 5 because he lacked fare for transportation. As to May 19, he stated that he was physically unable to attend the examination. When confronted with an alleged prior statement that he was in jail on that day, petitioner indicated some memory that he may have been incarcerated on that occasion in connection with public intoxication. As to June 2 and July 7, 1975, he explained that he was unable to attend because of a foot problem that periodically incapacitated him. In connection with that claim, a letter was introduced from his doctor stating "Mr. Dieudonne Roche has been in my care since February 18, 1975 for many foot and leg problems. He has been seen 24 times since the initial visit." It also appears from the hearing that petitioner had periodically called in regard to his failure or inability to attend the medical examinations, but the number and times of these calls were not fully developed. On September 3, 1975, an initial notice of intent to discontinue his grant was sent to petitioner. Thereafter, on October 19, 1975, petitioner appeared for a medical examination which resulted in a finding that he would require foot surgery before he would be physically able to work. It seems clear that the sections quoted above, pursuant to which the sanction was imposed on petitioner, were intended to provide a means to compel welfare recipients, physically able to work, to co-operate in efforts to make them employable. Where a welfare recipient ultimately appears for a medical examination, and is found to be physically unable to work, it would surely require unusually clear facts to justify the application

of these sections and the imposition of the severe sanction they authorize. I agree that the hearing officer might reasonably have disbelieved petitioner's explanation that he lacked carfare to attend the May 5 examination and may similarly have doubted his reasons for failing to be present on May 19 in light of the conflicting explanations he offered. Such a finding with regard to only two omissions to appear would not in my opinion suffice to sustain the conclusion that the regulation in question had been violated, and certainly would not justify the sanction imposed. Curiously, no such finding was in fact made. Rather the determination was based on the view that petitioner, claiming that he was sick, had failed to provide verification that he was unable to report on the various dates. Such verification was in fact provided. The statement of petitioner's doctor that he had a foot and leg condition so severe that medical treatment on 24 occasions had been required was significantly confirmed by the ultimate determination at the October medical examination that he required surgery on his foot to become physically able to work. No evidence to the contrary was submitted. It is true that a hearing officer has the right to evaluate the credibility of a witness, but where the statement of a witness is confirmed significantly by independent medical evidence, more is required to provide a sufficient basis for the respondent's determination than a vague sense that petitioner was not credible. It is also pertinent that the record disclosed no effort to have informed petitioner of the purpose or importance of the medical examination and of the consequences that would attach to his failure to attend. Not only is the evidence grossly insufficient to sustain the respondent's determination, but the application of so severe a sanction to someone in fact unable physically to work seems to me a strikingly harsh and insensitive administrative response to the facts. The determination disqualifying petitioner from receiving assistance for a period of 30 days should be annulled in all respects.