■ In the Matter of Daniel Van Leuvan, Petitioner, v Barbara Blum, as New York State Commissioner of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to review a determination of the Commissioner of the Department of Social Services which discontinued petitioner's home relief grant for 60 days because he failed, without good cause, to comply with a work relief assignment. On February 9, 1978 petitioner, a recipient of a home relief grant, was sent a notice of a work relief assignment which required him to report to Mr. A. Amato at the Ulster County Office Building at 9:00 A.M. on February 16, 1978 and to work a minimum of 12 hours between February 16, 1978 and February 27, 1978. The notice specifically informed petitioner

that failure to report to work on the first day of his assignment could be considered as noncompliance. Nevertheless, petitioner did not report to the work site on February 16, 1978, but, instead, reported to the work relief coordinator for the Ulster County Department of Social Services. That person told petitioner to report to Mr. Amato on February 17, 1978, but petitioner again did not report on that date. As a result, the local agency sent petitioner a notice of intent to discontinue his public assistance for 60 days because this was his second failure to comply with a work relief assignment (see 18 NYCRR 385.7 [b] [3]). Following a fair hearing, the local agency discontinued petitioner's home relief grant, and the State commissioner affirmed. Subdivision 4 of section 164 of the Social Services Law provides that employable persons receiving home relief who fail to report for a work assignment shall become ineligible for home relief, and 18 NYCRR 385.7 (b) (3) provides that a second instance of failure to report without good cause to a work assignment shall result in a disqualification for 60 days. Petitioner concededly did not report to work as required, and, therefore, became ineligible to receive home relief unless he had good cause for not reporting. He contends that he presented a doctor's report which showed that he was limited as to the type of work he could perform and that, therefore, he had a legitimate reason for noncompliance. The commissioner, however, found that the medical report did not establish that petitioner was unable to comply with his assignment. Where, as here, an administrative determination rendered after a hearing has a rational basis in the record, the determination is supported by substantial evidence and must be confirmed (Matter of Purdy v Kreisberg, 47 NY2d 354, 358). The medical statement submitted by petitioner did not state that he was incapable of working, but rather, that he was capable of working full time. The statement merely indicated that there were limitations on the type of physical activities petitioner could perform while working. Moreover, petitioner did not go to the work assignment to determine what type of activities would be required, but instead, made his own determination that he could not do the work without even reporting to find out what was involved in the work assignment. Nothing in the record indicates that petitioner was incapable of performing the work assignment to which he was referred. Under these circumstances, there is a rational basis for the commissioner's conclusion that petitioner did not have a valid excuse for failing to comply with the work assignment. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.