■ In the Matter of Wesley Herman, Respondent, v Barbara Blum, as Commissioner of the New York State Department of Social Services,

Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated February 5, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency discontinuing petitioner's grant of public assistance, the appeal is from so much of a judgment of the Supreme Court, Kings County, entered July 9, 1979, as annulled the determination of the State commissioner and directed that petitioner's public assistance grant be fully restored. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, determination confirmed and proceeding dismissed on the merits. On October 25, 1978 petitioner, a recipient of home relief, was told to report to the public works project for referral to employment. Petitioner reported to the project. Although coded for light work, he refused to accept the referral until he had an opportunity to consult his psychiatrist, whom he had been seeing since the end of September, 1978, complaining of insomnia, restlessness and instability. On November 10, 1978 the local agency found that petitioner had refused his referral and informed him his grant would be discontinued as of November 20, 1978. Petitioner requested a fair hearing, which was held on December 28, 1978. His grant was continued pending the hearing. At the hearing, petitioner produced a letter from his psychiatrist stating he had been under treatment for a depressive neurosis and that after treatment he "appeared less depressed". Petitioner terminated his therapy on November 16, 1978 because he was told he was able to work. The therapist was unable to offer an opinion as to his present condition. The State commissioner ruled that petitioner's excuse for failing to accept referral for employment, i.e., his doubts about his physical and mental ability to work, did not constitute good cause in view of the fact that petitioner had been medically certified as employable. Special Term annulled the State commissioner's determination, holding that petitioner showed good cause for his request for delay and did not willfully refuse employment. Petitioner's failure to accept his work referral was without good cause. Nothing in the record indicates that he was incapable of performing the assignment to which he was referred (see *Matter of Van Leuvan v Blum,* 73 AD2d 1003). Moreover, petitioner's own doubts about his ability to perform cannot constitute good cause for failure to accept a referral unless medically verified (see 18 NYCRR 385.7 [c] [8]; see, also, *Matter of Carr v D'Elia,* 72 AD2d 769). Titone, J. P., Lazer, Gulotta and Martuscello, JJ., concur.