■ In the Matter of JANIE JACKSON, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination of the respondent State Commissioner of Social Services, dated December 19, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency, dated October 25, 1979, which discontinued petitioner's grant of public assistance for a period of 60 days and until petitioner is willing to comply with the requirements of employable recipients of public assistance. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remanded to the respondents for further proceedings in accordance herewith. Petitioner is a 47-year-old woman. She has been a public assistance recipient from the Nassau County Department of Social Services since 1968. Since March, 1979 she has been receiving home relief. On March 13, 1979 she was diagnosed an alcoholic on referral by the local agency, and alcoholic counselling was recommended. In August, 1979 the agency determined that petitioner was employable as of September 8, 1979. Petitioner now claims that she never received notification of her employability, but the agency asserts that such notification was sent. On September 13, 1979 petitioner was notified by letter to report to the Public Work Project office on September 21, 1979. Petitioner reported as required, and was given an assignment at Roosevelt Community Mental Health Center. Her assignment started on September 24, 1979. Petitioner did not report to her assignment until *after* the agency had sent her a notice of intent to discontinue her assistance, i.e., on October 29, 1979. From that date until November 16, 1979 she worked 25 hours. On October 25, 1979 the agency determined to discontinue petitioner's public assistance effective November 5, 1979. The reason for the discontinuance was the failure of petitioner to report to her assignment. On November 5, 1979 petitioner requested a fair hearing, which was held on November 30, 1979. At the hearing petitioner testified that she did not report to her work assignment because she was ill. As verification of her illness, petitioner presented a statement from Mercy Hospital which stated that she was treated in the emergency room on October 2, 1979 and November 27, 1979; a note from her landlady stating that petitioner was ill throughout November; and a note from petitioner's doctor stating that petitioner was ill the last week in October and the first week in November. She also stated that she was attending Alcoholics Anonymous meetings. By decision after fair hearing dated December 19, 1979, the State commissioner affirmed the local agency's determination to discontinue petitioner's public assistance for 60 days on the ground that she failed to report to her Public Works Project assignment, without "good cause". In our

view, petitioner failed to show "good cause" for missing a month of her work assignment. The only valid verification of petitioner's claim of illness during the contested period is one emergency room admission. This does not meet petitioner's burden to show good cause and to verify her incapacity (see *Matter of Roche v Toia,* 64 AD2d 589, affd 48 NY2d 966). Where, as in this case, there is a failure to show medical verification of incapacity, or the verification is incomplete, then public assistance benefits may be terminated. (See *Matter of Van Leuvan v Blum,* 73 AD2d 1003; *Matter of Carr v D'Elia,* 72 AD2d 769.) However, the issues of "employability" and the alleged failure or refusal to participate in a public works project are separate and distinct matters. Thus, the petitioner maintains (for the first time in our court) that notwithstanding her failure to establish "good cause" for her absence from work, her grant of public assistance should never have been discontinued, as (1) she should not have been certified as "employable" in the first instance (see, e.g., 18 NYCRR 385.1 [a] [5]), and (2) she was never afforded due notice of that determination, or of her legal right to contest it (see, e.g., 18 NYCRR 358.4 [a] [6]). In opposition, the State commissioner contends that the foregoing issues have been waived by the petitioner's failure to raise them at the fair hearing, or, in the alternative, if there was no waiver, that a new hearing is required, as the hearing conducted in the instant case was limited in its scope and did not address the "employability" issue. We cannot accept the commissioner's waiver argument. However, we fully agree with her alternative suggestion, and therefore remand the matter for a hearing *de novo.* The local agency, in violation of department regulations, failed to inform the petitioner of the availability of community legal services to assist her at the underlying fair hearing (see 18 NYCRR 358.3). Notably, the petitioner appeared at the hearing *pro se.* Accordingly, the petitioner should not be deemed to have waived her objection relating to the determination of employability. Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.