■ In the Matter of THOMAS HANSEN, Petitioner, v JOSEPH D'ELIA, as Commissioner of Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated November 10, 1980 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue petitioner's grant of public assistance for 30 days, and thereafter until compliance with certain regulations of the Department of Social Services is exhibited (18 NYCRR 385.8 [b]). Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, the respondents are directed to reinstate the grant of aid to petitioner and the matter is remitted to the respondents for further proceedings consistent herewith. Petitioner missed his bimonthly appointment on September 4, 1980 with the New York State Employment Service (NYSES). Consequently, the Nassau County Department of Social Services notified petitioner of its intent to discontinue his public assistance. At a fair hearing requested by petitioner, he testified that he injured his foot which impeded his ability to walk. This problem was further compounded by a relapse of alcoholism. Petitioner saw his regular doctor for both ailments and a podiatrist for his foot. He also visited a

hospital emergency room one week after his scheduled appointment with NYSES. These facts were verified by appropriate documentation (see *Matter of Carr v D'Elia,* 72 AD2d 769). Additionally, petitioner presented a letter from Family Alcoholism Counseling & Treatment Services which indicated that he began actively drinking in late August, 1980 and that he did not receive rehabilitative treatment between September 3 and September 29, except for one visit on September 11, at which time he appeared confused and had obviously been drinking. Petitioner's problems with his foot and relapse of alcoholism caused his failure to appear for his appointment on September 4, 1980. Although the record is unclear whether he specifically contacted NYSES to inform it of his inability to attend, he alleged periodic contact with his supervisors at his assigned work project to inform them of his ailment. The State commissioner determined after the fair hearing that petitioner had not shown "good cause" for his failure to appear for his September 4, 1980 appointment and upheld the local agency's determination to suspend his public assistance (18 NYCRR 385.8 [b]). A complete review of the record leads us to the conclusion that the determination of the State commissioner was not supported by substantial evidence (*300 Gramatan Ave Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222) and that petitioner showed good cause for his failure to appear (see *Matter of Roche v Toia,* 64 AD2d 589, affd 48 NY2d 966). Petitioner also contends that he should not be deemed "employable" because of his alcoholic condition (18 NYCRR 385.1 [a] [6]). However, petitioner admitted at the hearing that he was "employable with limitations". Nonetheless, his relapse may have affected his employability if he is not successfully participating in an alcohol treatment program. We, therefore, require the local agency to further investigate petitioner's employability. Gulotta, J. P., O'Connor, Thompson and Brown, JJ., concur.