◼ In the Matter of CAROLINE TRAPANO, Petitioner, v BARBARA BLUM, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated March 5, 1981 and made after a statutory fair hearing, which affirmed a determination of the local agency discontinuing petitioner's grant of public assistance for 30 days and until petitioner complies with the requirements relating to employable recipients of public assistance (18 NYCRR 385.8). Determination confirmed and petition dismissed on the merits, without costs or disbursements. Petitioner requested a fair hearing after receipt of a notice of intent to discontinue public assistance dated December 13, 1980 based upon petitioner's failure to keep an appointment for employment referral at the Division of Employment Services scheduled for December 5, 1980. Petitioner appeared *pro se* at the hearing, although the printed notice advised her of the availability of community legal services to assist her at the fair hearing. At the hearing, petitioner testified that she suffered from severe stomach cramps on December 5, 1980, the date of her scheduled appointment for employment referral, which stomach cramps, she testified, were occasioned by her menstrual period. She further testified that she called to cancel the appointment because of her severe dysmenorrhea and a cold, and was refused another date. She did not seek medical assistance for the stomach cramps that accompanied her menstrual cycle on December 5, 1980, but treated herself for such condition. The petitioner concluded her examination by stating to the agency's representative: "if that's what you want, I'll go and get a doctor's note. Tell him to give me a note for my period." Regulation 18 NYCRR 385.7 (c) (8) provides that, "A person shall be deemed not to have refused without good cause to accept employment [or report for an interview with respect to employment when required to do so (18 NYCRR 385.6 [a])] if evidence shows that temporary and verified illness incapacitated the client." The regulations promulgated under the Social Services Law, which require notice and an opportunity to be heard, amply safeguard petitioner's property interest and comply with the requirements of due process (see *Matter of Brown v Lavine,* 37 NY2d 317). Petitioner in this proceeding had the burden to show good cause and to verify her incapacity (*Matter of Roche v Toia,* 64 AD2d 589, affd 48 NY2d 966). Her failure to produce any verification of her own testimony, that illness prevented her from attendance on December 5, 1980, resulted in her failing to sustain her burden of proving such illness (*Matter of McKeon v Brezenoff,* 89 AD2d 984; *Matter of Carr v D'Elia,* 72 AD2d 769). The State commissioner's determination, which included a finding that petitioner's testimony was not credible and that she failed to report for the scheduled interview without good cause, was supported by substantial evidence. In addition, there were no special circumstances demonstrated by this record which required the administrative law judge to advise the petitioner, appearing *pro se,* of her right to request a continuance of the fair hearing in order to permit her an opportunity to obtain

and submit verification of her illness (see *Matter of Roche v Toia, supra*). Bracken, J. P., Brown, Niehoff and Rubin, JJ., concur.