■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAYWARD WITHERSPOON, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant's statements were voluntary and not, as defendant asserts, improperly induced by misleading police comments (*People v Tarsia*, 50 NY2d 1; *People v Yerdon*, 51 AD2d 875; *People v Rittenhouse*, 37 AD2d 866). Additionally, since defendant failed to raise a factual issue regarding a violation of his *Miranda* rights by the arresting officers, there was no burden on the People to produce those officers at the suppression hearing (cf. *People v McGregor*, 84 AD2d 610). (Appeal from judgment of Monroe County Court, Mark, J. — burglary, third degree, and other charges.) Present — Dillon, P. J., Callahan, Doerr, Denman and O'Donnell, JJ.

■ In the Matter of THOMAS GEAR, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Judgment unanimously reversed, on the law, without costs, and petition granted. Memorandum: In this CPLR article 78 proceeding, petitioner challenges the decision of the New York State Department of Social Services affirming the determination of the Genesee County Department of Social Services, rendered after a fair hearing, disqualifying petitioner from receiving public assistance for a 90-day period. The agency's determination should not be disturbed if it is rational and based on substantial evidence (*Matter of Howard v Wyman*, 28 NY2d 434, 438). Nevertheless, under the language of the regulation promulgated by the agency, a recipient's failure to continue in employment or training must be willful before the agency may disqualify him from receiving public assistance (18 NYCRR 385.7). We find that the evidence at the fair hearing, which established, at worst, that petitioner was slow and disruptive on the job, was not sufficient to justify the inference that petitioner willfully failed or refused to accept manpower services (see 18 NYCRR 385.7 [a] [2] [v]; 385.8 [b]; *Matter of Bradford v Blum*, 91 AD2d 550). (Appeal from judgment of Supreme Court, Erie County, Kramer, J. — art 78.) Present — Dillon, P. J., Callahan, Doerr, Denman and O'Donnell, JJ.