■ In the Matter of KATHRYN TORMOS, Respondent-Appellant, v MARVA L. HAMMONS, as Social Services Commissioner of the City of New York, et al., Appellants-Respondents. [658 NYS2d 272] —Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered on or about January 18, 1996, which, *inter alia*, granted petitioner's application pursuant to CPLR article 78 to annul respondent State Department of Social Services' determination after a fair hearing affirming respondent City Department of Social Services' determination discontinuing petitioner's welfare benefits, unanimously affirmed, without costs.

There was no evidence at the fair hearing to support the determination that petitioner's failure to complete a nurse training course was willful (Social Services Law § 341 [1]; 18 NYCRR 385.18 [c] [3], [4]). Petitioner's low grades, which unquestionably were the sole basis for her removal from the training course, do not establish willfulness (*see, Matter of Bradford v Blum*, 91 AD2d 550, *appeal withdrawn* 58 NY2d 1115; *Matter of Gear v Perales*, 105 AD2d 1066). We would also note that the Administrative Law Judge at the fair hearing erroneously placed the burden of proof on petitioner (18 NYCRR 358-5.9 [a]). We have considered the parties' other contentions, including petitioner's claim that it was error to deny her attorneys' fees, and find that they do not warrant a different result. Concur—Ellerin, J. P., Nardelli, Rubin and Williams, JJ.