◼ In the Matter of FREDERICK VICARI, Petitioner, v BRIAN WING, as Acting Commissioner of New York State Department of Social Services, et al., Respondents. [665 NYS2d 209] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: We conclude that the Acting Com-

missioner, New York State Department of Social Services (respondent), properly upheld the discontinuance of petitioner's home relief, food stamps and medical assistance benefits by the Onondaga County Department of Social Services (Onondaga County DSS). Pursuant to regulation, employable recipients of home relief, such as petitioner (see, 18 NYCRR 385.1 [h]), may have their benefits discontinued if they willfully and without good cause fail to comply with the requirements of the Job Opportunities and Basic Skills Training (JOBS) program (18 NYCRR 385.19 [c]; see, 18 NYCRR 385.2). There is no willful failure or refusal to comply with the program without good cause "if the evidence shows that * * * temporary and verified illness incapacitated the * * * recipient" (18 NYCRR 385.19 [d] [2] [xiii]).

Under the JOBS program, Onondaga County DSS required petitioner to attend a 35-hour per week, open-ended, self-guided computer software training program. Although petitioner submitted evidence, in the form of letters from his treating physician, prior to the fair hearing that he suffered from a temporary and verified injury to his left arm, the evidence failed to prove that the injury "incapacitated" petitioner from attending or continuing the required program (see, Matter of Jackson v D'Elia, 86 AD2d 669, 670; Matter of Van Leuvan v Blum, 73 AD2d 1003, 1004). The first letter indicated that petitioner was not disabled from working. The second letter, which was requested by petitioner, stated that it was appropriate that petitioner was "kept out of work" for approximately three weeks after the injury. The second letter was based on petitioner's subjective representations to the physician of the amount of pain petitioner had suffered during that time and further reflected the misleading statements by petitioner to the physician that his JOBS program required data input or other physical tasks.

The fact that respondent interpreted the letters from petitioner's physician differently from petitioner does not render the decision after the fair hearing either arbitrary or capricious. Such interpretations by an agency, if rational, may not be set aside by this Court (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231).

We further conclude that substantial evidence supports respondent's determination that petitioner did not make a good faith effort to attend the program for a nine-day period, although he managed to appear briefly at the program office to perform activities related to his job search only three days after his accident (see, Matter of Purdy v Kreisberg, 47 NY2d

354, 358; *Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-232, *supra*).

Petitioner failed to raise at the fair hearing his contention that his JOBS assignment was not a valid one. Thus, his present contention that the decision after the fair hearing was arbitrary and capricious for failing to make a determination on that issue does not provide a basis for relief (*see, Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834, *mot to amend remittitur granted* 74 NY2d 942; *Matter of International Fid. Ins. Co. v Hartnett*, 199 AD2d 1084). We do not review the further contention of petitioner, raised for the first time in his petition, that Onondaga County DSS violated Federal food stamp regulations by discontinuing his food stamp benefits for two months without informing him that he could avoid such action by attending a JOBS assignment before a notice of adverse action was issued. Petitioner failed to raise that issue at the fair hearing, and "[t]he scope of [this] CPLR article 78 proceeding, following an administrative hearing, is limited to review of the issues raised and addressed in that hearing" (*Matter of International Fid. Ins. Co. v Hartnett, supra,* at 1084). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Onondaga County, Stone, J.) Present—Pine, J. P., Lawton, Wisner, Balio and Fallon, JJ.