OPINION OF THE COURT
Samuel M. Levine, J.
On September 10, 1998, by an order of the court, the *44 defendant’s motion to suppress from use at trial any statements obtained from the defendant, Cherise Crosby, by store security personnel was set down for a Huntley hearing. Said hearing was held on January 27 and 28, 1999. Also, defendant Sheila Mathews and defendant Vickie Nichols join in the application and, upon consent, shall join in the hearing solely on the issue of the voluntariness of statements.
The issue to be determined at the hearing was whether any statements made by defendant, Cherise Crosby, were involuntarily made within the meaning of CPL 60.45 (2) (a).
On March 25, 1998, three defendants, Cherise Crosby, Sheila Mathews and Vickie Nichols, were charged, by way of a District Court information, with violating Penal Law § 155.25 (petit larceny). All three defendants are represented by attorneys.
After reviewing the credible evidence adduced at the hearing, the court makes the following findings of fact and conclusions of law.
FINDINGS OF FACT
On December 21, 1997 at approximately 3:00 p.m. four women entered the “Toys R Us” store located at 117 Old Country Road, Carle Place, Nassau County, New York. The four women were later identified as Cherise Crosby, Vickie Nichols, Sheila Mathews and Althea Graves. At approximately 4:20 p.m., the four women were taken into custody by store detective Sundel Quiles for allegedly shoplifting. The store detective detained and questioned all four women. Next, each woman was presented various documents including (1) the “Statement”; (2) the “General Release”; and (3) the “Trespass Warning”. The store detective did not give a proper, accurate explanation of each form, but nonetheless requested that each woman separately sign each document.
Evidence adduced at trial revealed that Althea Graves signed each document, was released and was allowed to leave the store. Althea Graves was not subsequently arrested or charged in connection to the instant matter.
Evidence was introduced at the hearing which clearly established the fact that all four women were detained together in the same room, at the same time.
Further, evidence revealed that Althea Graves, while in the presence of the three defendants, signed the document stating she was shoplifting. Moreover, testimony revealed that the *45 store detective called Nassau County police while he was in the presence of the women. Defendant Nichols and defendant Mathews signed the documents knowing that the police had been called but prior to the police arriving.
Testimony established that defendant Crosby was interrogated by the store detective while the police were present in the room. Testimony also revealed the police questioned defendant Crosby prior to her signing any documents. The court is satisfied that this action constitutes sufficient police action. In People v Ray (65 NY2d 282, 287 [1985]), the Court of Appeals of New York stated, “Under circumstances where police participation precedes or occurs contemporaneously with the private elicitation of inculpatory evidence, so as to create a coercive, custodial environment with the reasonable potential of infringing defendant’s privilege against compulsory incrimination, the Miranda safeguards must be observed.” It is undisputed that neither the police officers nor the store detective administered any Miranda warnings to any of the defendants at this time. The court notes that private individuals are not required to give a person detained by them constitutional rights.
Defendant Crosby signed the documents while in the presence of the police officers. At this point, defendants Crosby, Mathews and Nichols were arrested, arraigned and released on $100 police bail.
CONCLUSIONS OF LAW
On a motion to suppress statements, the People have the burden of proving beyond a reasonable doubt that the statements sought to be admitted were made voluntarily. (People v Witherspoon, 66 NY2d 973 [1985]; People v Valerius, 31 NY2d 51 [1972].) Furthermore, “the involuntariness of an inculpatory statement may usually best be uncovered by looking at the ' “totality of the circumstances” ’ under which it came about”. (People v Anderson, 42 NY2d 35, 38 [1977].)
For the purpose of determining whether the People have met their burden of proving the statements made by defendants were voluntary beyond a reasonable doubt, the court must now consider the totality of the facts and circumstances involved in the instant matter.
At the hearing, the defendants’ cross-examinations of the store detective revealed that defendants were told that if they signed the documents they could be released. Notwithstanding this statement, defendants were not released upon signing the *46 documents; rather, they were arrested and subsequently prosecuted. The fact that all the defendants witnessed Althea Graves sign the documents and leave the building on her own free will, coupled with the implied promise of the store detective, leads the court to conclude that defendants’ will and capacity for self-determination were impaired. (People v Leonard, 59 AD2d 1 [1977].)
CPL 60.45 (2) (a) reads as follows:
“A confession, admission or other statement is ‘involuntarily made’ by a defendant when it is obtained from him:
“(a) By any person by the use or threatened use of physical force upon the defendant or another person, or by means of any other improper conduct or undue pressure which impaired the defendant’s physical or mental condition to the extent of undermining his ability to make a choice whether or not to make a statement”.
In People v Brown (123 Misc 2d 983 [1984]), the Supreme Court, Monroe County, interpreted CPL 60.45 to mean a confession induced by a promise can be admissible, so long as the promise is not of the type that would create a risk of false incrimination. However, the United States Supreme Court “has set forth an apparently pro se rule invalidating any confession induced by a promise, however slight”. (People v Brown, at 985.)
Furthermore, based upon the testimony of the store detective, it is obvious to the court that the store detective could not possibly have adequately or accurately explained each document to the defendants because the store detective himself had no idea of the consequences of signing the documents. The store detective was unable to explain what “good and valuable” consideration the defendants would receive in exchange for signing the documents. However, on cross-examination, the store detective indicated he defined “good aiid valuable” consideration as “being released”. Based on this admission, the court can reasonably conclude that each defendant’s mental condition was impaired and the ability as to whether or not to make a statement was undermined.
Inasmuch as the statements of the defendants were involuntary, the court concludes the statements made by defendants are hereby suppressed and the People are precluded from using at trial any statements obtained from defendants by the *47 store security personnel.
Finally, as to the destruction of the videotape, the trial court may issue a special charge to the jury on this issue.