■ In the Matter of KEMMA BENJAMIN, Petitioner, v JAMES J. McGOWAN, as Labor Commissioner of the State of New York, et al., Respondents. [712 NYS2d 546] —Petition, in a proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [William Davis, J.], entered May 13, 1999), seeking to annul the determination of respondent New York State Department of Labor which, after a fair hearing, affirmed the determination by the New York City Human Resources Administration reducing petitioner's public assistance benefits on the ground that she willfully failed to comply with certain requirements of the New York City Work Experience Program, unanimously granted, without costs, the determination annulled and respondents directed to restore all lost public assistance and food stamp benefits.

Petitioner Kemma Benjamin receives public assistance for herself and three children, aged seven, six and four. Pursuant to Social Services Law § 131 (5), her continuing eligibility to receive benefits was conditioned on her participation in the Work Experience Program (WEP) administered by respondent New York City Human Resources Administration (HRA). On June 15, 1998, petitioner submitted an HRA child care provider form stating that the Morning Glory Day Care Center would provide care for her children. However, on Friday, June 26, just three days before she was to start her work assignment, petitioner was notified by telephone that the day care center would not honor its commitment because, the center's director subsequently told her, it had not received confirmation of payment from the City agency.

Upon notifying respondent HRA by telephone that day care was suddenly unavailable, petitioner was instructed to wait for a letter scheduling a reconciliation hearing. Petitioner was not provided with the names of alternative child care facilities, and the starting date of her work assignment was not postponed.

Consequently, she did not report to her WEP assignment as scheduled. Although the director of the Morning Glory Day Care Center had agreed to furnish written confirmation of her discussion with petitioner, no letter was ever provided. An Administrative Law Judge ultimately determined that: "although petitioner contended at the hearing that she was informed on June 28, 1998 by the Day Care Center that her child would no longer be accepted in the Center, her testimony is not credible because she failed to submit any documentation to support her testimony. Therefore, petitioner did not establish that the failure to comply with the employment requirements was not willful or without good cause."

The Administrative Law Judge did not make a finding as to petitioner's credibility; rather she determined that, as a matter of law, documentary evidence is necessary to sustain a claim of good cause. Thus, no question with respect to substantial evidence is presented. The only issue is whether the agency's interpretation and application of the pertinent regulations was arbitrary and capricious. Although there is merit to petitioner's contention that transfer pursuant to CPLR 7804 (g) was erroneous, on a sufficient record, this Court will decide all issues raised, irrespective of how the matter came before it (*Matter of Church v Wing*, 229 AD2d 1019, 1019-1020).

Refusal to engage in work is grounds for reduction or termination of family assistance (Social Services Law § 131 [5]). However, an exception is made where the recipient is a "single custodial parent caring for a child who has not attained 6 years of age, and the individual proves that [he or she] has a demonstrated inability (as determined by the State) to obtain needed child care" (42 USC § 607 [e] [2]; *see also*, Social Services Law § 331; 18 NYCRR 415.8). Social Services Law § 332-a guarantees child day care to any participant in the job opportunities and basic skills training program. Thus, the City may assign recipients to its WEP program only to the extent that child care is guaranteed (Social Services Law § 335 [5]; 12 NYCRR 1300.6 [d]).

Respondents submit no evidence to refute petitioner's claim that she promptly notified HRA that the day care center had reneged on its promise to provide care for her children. Neither does the agency refute her contention that the change of position by the day care center was the result of the agency's failure to furnish it with confirmation of benefit payments to petitioner. When determining if a recipient has demonstrated good cause for failing to appear for a work assignment, the agency must "consider the facts and circumstances, including

information submitted by the individual subject to such requirements. Good cause includes circumstances beyond the individual's control, such as, but not limited to * * * the lack of adequate child care for children who have reached age 6 but are under age 13" (12 NYCRR 1300.12 [c] [1]).

Petitioner asserts that several requests for the promised letter from the Morning Glory Day Care Center, by both petitioner and her attorney, went unanswered. In any event, the failure of the center's director to provide confirmation of her discussion with petitioner does not support the determination, as related in respondents' answer, that "petitioner wilfully and without good cause failed or refused to comply with employment requirements and that her excuse that the day care center would not accept her children lacked credibility."

Respondent agency made no effort to ascertain the facts of this matter. As we noted in *Allen v Blum* (85 AD2d 228, 237, *affd* 58 NY2d 954), "The administrative appeal process is not a substitute for proper prior procedures at the agency level." The HRA did not require the production of evidence by the day care center (Social Services Law § 34 [5] [b]) and did not even consult its own records to determine if it had ever confirmed the payment of benefits to petitioner. Instead, it used circumstances beyond petitioner's control to justify a reduction in her benefits. We note that this practice was sufficiently widespread to prompt the Department of Social Services to adopt an emergency regulation expressly permitting a parent to attest to the unavailability of day care (18 NYCRR 415.8 [i] [2] [eff Oct. 1, 1999]).

At the fair hearing, the burden rested upon the agency to establish that petitioner's failure to comply with work requirements was willful (18 NYCRR 358-5.9 [a]; *Matter of Tormos v Hammons*, 240 AD2d 165). However, the agency offered no evidence with respect to the circumstances surrounding the day care center's refusal to accommodate petitioner's children to controvert the testimony given by petitioner. In the absence of evidence to support the conclusion that petitioner willfully refused to participate in the job opportunities and basic skills training program administered by respondent HRA, the reduction of petitioner's public assistance and food stamp benefits was arbitrary and capricious. Concur—Nardelli, J. P., Williams, Wallach, Rubin and Friedman, JJ.